IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Anthony Paa; Teofico Paa, | ) ) ) | Civ. No. 10-00303 HG-KSC |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital 1, Inc., Trust 2007-HE7; New Century Mortgage Corp.; Investors Funding Corporation; Does 1 though 20, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**ORDER GRANTING DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS (DOC. 16)**

Plaintiffs filed a nine-count Complaint asserting various claims in connection with a mortgage loan transaction.  Defendant Deutsche Bank National Trust Company ("Deutsche Bank") moves to dismiss the entirety of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Motion (Doc. 16) is **GRANTED** with leave to amend in part.

**PROCEDURAL HISTORY**

On May 24, 2010, Plaintiffs filed a Complaint. (Doc. 1).

On November 23, 2010, Defendant Deutsche Bank filed a Motion to Dismiss. (Doc. 16).

On December 15, 2010, Plaintiffs filed an Opposition. (Doc.

21).

On December 28, 2010, Defendant Investors Funding Corporation filed a Statement of No Position as to Defendant Deutsche Bank's Motion to Dismiss. (Doc. 24).

On January 4, 2011, Defendant Deutsche Bank filed a Reply. (Doc. 27).

On February 16, 2011, a hearing was held on the Motion to Dismiss.


## BACKGROUND

According to Plaintiffs, on March 1, 2007, they executed a mortgage agreement with Defendant New Century Mortgage Corporation ("New Century"). (Complaint at ¶ 14 (Doc. 1)). Plaintiffs allege that they were told to sign a series of documents, but were not given any explanation regarding the documents or time to read them. (Doc. 1 at ¶ 15). Plaintiffs allege they were not provided with a Truth in Lending Disclosure Statement, with two copies of a Notice of Right to Cancel, or with a copy of the loan agreement. (Doc. 1 at ¶¶ 17-18). Plaintiffs further allege that they were not given a signed and dated Good Faith Estimate of the amount or range of charges they were likely to incur, as required by the Real Estate Settlement Procedures Act. (Doc. 1 at ¶ 45).

Plaintiffs set forth a laundry list of other wrongs allegedly committed by Defendants in connection with the loan transaction.

Plaintiffs allege, for example, that Defendant New Century failed to disclose the costs and risks of the loan, made the loan without regard to Plaintiffs' ability to repay, and attempted to deprive Plaintiffs of their right to cancel. (Doc. 1 at ¶ 51). Plaintiffs allege that Defendant Investors Funding Corporation ("Investors") falsely represented Plaintiffs' income on their loan application, and falsely represented the nature of the documents Plaintiffs were told to sign. (Doc. 1 at ¶ 63).

Plaintiffs do not explain the relationship between the three Defendants and the loan. The Complaint alleges that the loan was initially executed with Defendant New Century, but does not allege the roles that Defendants Investors and Deutsche Bank played in the transaction, i.e., whether they brokered the loan, were subsequent assignees, or are related in another manner.

**STANDARD OF REVIEW**

Defendant Deutsche Bank moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to

be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

More recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

## ANALYSIS

The Complaint contains nine counts. Count 4 is expressly asserted against Defendant New Century only. Count 5 is expressly asserted against Defendant Investors only. Count 6 is expressly asserted against Defendants Investors and Deutsche Bank only. Counts 1-3 and 7-9 are asserted against all Defendants. As this Order resolves Defendant Deutsche Bank's Motion to Dismiss, only the Counts against Defendant Deutsche Bank are considered (Counts 1-3 and 6-9). The Counts in the Complaint are as follows:

**Counts 1 and 2**: violations of the Truth in Lending Act;

**Count 3**: violations of the Real Estate Settlement Procedures Act

("RESPA");

**Count 4** (against Defendant New Century only): unfair or deceptive acts or practices in violation of H.R.S. §§ 480-2, 481A-3;

**Count 5** (against Defendant Investors only): unfair or deceptive acts or practices in violation of H.R.S. §§ 480-2, 481A;

**Count 6** (against Defendants Investors and Deutsche Bank only): fraud;

**Count 7:** civil conspiracy;

**Count 8:** aiding and abetting; and

**Count 9:** fraudulent concealment/equitable tolling.

Plaintiffs seek a rescission of the loan, a recoupment of $2000.00, actual, statutory damages and punitive damages, an injunction barring Defendants from seeking a non-judicial sale of the property, a declaration that every agreement related to the loan is void and unenforceable, an injunction preventing Defendants from taking any action to deprive Plaintiffs of ownership of the property, an injunction preventing Defendants from engaging in acts that violate HRS §§ 480-2, 481-3, and attorneys' fees and costs.

**Counts 1: Rescission and Recoupment under Truth in Lending Act, 2: Damages under Truth in Lending Act, 3: Real Estate Settlement Procedures Act, 9: Fraudulent Concealment**

In their Opposition to Defendant Deutsche Bank's Motion to Dismiss, Plaintiffs concede that Counts 1-3 and 9 fail, and they do

6

not oppose dismissal of those Counts as to Defendant Deutsche Bank.

(Opposition at 5 (Doc. 21)). Accordingly, Defendant Deutsche

Bank's Motion to Dismiss Counts 1 and 2 (Truth in Lending Act

violations), 3 (Real Estate Settlement Procedures Act violations),

and 9 (fraudulent concealment) is **GRANTED** and these claims are

**DISMISSED WITH PREJUDICE** as to Defendant Deutsche Bank.


**Count 6: Fraud**

Although Plaintiffs claim Defendant Deutsche Bank is liable

for fraud, Plaintiffs do not allege that Deutsche Bank made any

fraudulent representations. Instead, Plaintiffs allege that

Deutsche Bank is liable for fraudulent representations made by

Defendant Investors. Plaintiffs allege that Investors committed

fraud by:

1.  falsely representing the costs and risks of the
    loan;
2.  falsely representing Plaintiffs' income;
3.  falsely representing the nature of the documents
    Plaintiffs were told to sign; and
4.  falsely representing the terms of the loan.

(Complaint at ¶¶ 72-74 (Doc. 1)). Plaintiffs contend that

Defendant Deutsche Bank is liable for these alleged

misrepresentations made by Investors because Investors was its

agent, and Deutsche Bank knew or should have known of the

misrepresentations. (Id. at ¶ 80). Plaintiffs' fraud claim fails

because it does not meet the heightened pleading standard under

7

Federal Rule of Civil Procedure 9(b).

When pled in federal court, state law based fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). See, e.g., Kapahu v. BAC Home Loans Servicing, LP, 2010 WL 2734774, at *3 (D. Haw. 2010).[1] Rule 9(b) requires a party asserting a fraud claim to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotation marks omitted). A plaintiff "must state the time, place and specific content of the false representations as well as the identifies of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

The allegations underlying Plaintiffs' fraud claim are brief and can be paraphrased as follows: Defendant Investors committed fraud by falsely representing the costs and terms of the loan, the loan documents, and Plaintiffs' income. These allegations are far too vague to satisfy Rule 9(b). To state a claim for fraud under Hawaii law, a plaintiff must allege facts to support the following elements:

(1) the defendant made a false representation;

_____

[1] Hawaii Rule of Civil Procedure 9(b) similarly requires averments of fraud to be plead with heightened particularity. See Giles v. Giles, 37 P.3d 589, 593 (Haw. Ct. App. 2001).

(2) with knowledge of its falsity (or without knowing whether it was true or false);
(3) in contemplation of plaintiff's reliance upon the false representation;
(4) plaintiff relied on the representation; and
(5) plaintiff suffered pecuniary damage as a result.

McDevitt v. Guenther, 522 F.Supp.2d 1272, 1286 (D. Haw. 2007) (citing Shanghai Investment Co. v. Alteka Co., 993 P.2d 516, 531 (Haw. 2000).

Plaintiffs do not state what Investors said, wrote, or otherwise represented about the costs and terms of the loan, or why it was false or misleading. Plaintiffs allege that they cannot determine the annual percentage rate or the finance charge because the "HUD-1" form is missing from their file. But Plaintiffs do not allege that Investors ever misled Plaintiffs into believing these figures were different than the actual rates, or that Plaintiffs mistakenly believed the rates were different based on some representation made by Investors. Plaintiffs do not even allege that Investors is responsible for the "HUD-1" statement being missing from their file.

Nor do Plaintiffs state what Investors represented about the loan documents they were told to sign, or why it was false or misleading. Plaintiffs allege that they were not given time to read the documents they were told to sign. To extent that Plaintiffs relied on representations about the documents without reading them, it is questionable whether it was reasonable for them do so. A plaintiff's reliance on a misrepresentation must be reasonable in

order to state an actionable claim for fraud.  <u>See</u> <u>TSA Intern. Ltd.</u>

<u>v. Shimizu Corp.</u>, 990 P.2d 713, 726 (Haw. 1999).  The general rule

in contract law is that "one who assents to a contract is bound by

it and cannot complain that he has not read it or did not know what

it contained." <u>Leong by Leong v. Kaiser Foundation Hospitals</u>, 788

P.2d 164, 168 (Haw. 1990).

The only allegation regarding fraudulent representations that

has any specificity is that Investors misrepresented the amount and

source of Plaintiffs' income on their loan application.  But this

allegation is still too vague; Plaintiffs state that Investors

overstated Plaintiffs' income, but  Plaintiffs do not say what their

income was stated to be.  It is also unclear how Plaintiffs could

have reasonably relied on a misrepresentation regarding their own

income in their loan application. The loan application, presumably,

was submitted to a third party, and thus was a representation made

to that third-party, not to Plaintiffs.  It is unclear how

Plaintiffs could have reasonably relied on a misstatement of their

own income on a loan application submitted to a third-party.

Plaintiffs do not describe any manner in which they relied on

any of the alleged misrepresentations, or how they suffered damage

as a result.  Plaintiffs conclusorily allege that they relied upon

the representations and suffered damage as a result, but Plaintiffs

offer no description of the nature of such reliance or how they were

damaged as a result.

Plaintiffs do not, moreover, allege any basis for an agency relationship between Deutsche Bank and Investors. Plaintiffs' allegation that an agency relationship existed such that Deutsche Bank is liable is conclusory. See, e.g., Sandry v. First Franklin Financial Corp., 2010 WL 5279918, at *3 (E.D. Cal. 2010) ("The Complaint does not allege facts sufficient to support Plaintiff's conclusory allegation of agency.").

Defendant's Motion to Dismiss the fraud claim (Count 6) is **GRANTED WITH LEAVE TO AMEND.** Plaintiffs are given leave to reassert the fraud claim with greater factual specificity in an amended complaint.

**Counts 7 and 8: Civil Conspiracy; Aiding and Abetting**

Plaintiffs claims Defendants New Century, Investors, and Deutsche Bank engaged in a civil conspiracy to accomplish an unlawful purpose, and aided and abetted others in wrongful acts injuring Plaintiff. Plaintiffs' civil conspiracy and aiding and abetting claims are pled in a vague, conclusory manner, with no factual allegations in support.

As Defendant Deutsche Bank argues, these claims are not sufficiently pled even under Federal Rule of Civil Procedure 8. Civil Conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of liability that are derivative of other wrongs. See, e.g., Weinberg v. Mauch, 890 P.2d 277, 286

11

(Haw. 1995).  Plaintiffs appear to premise these derivative claims on the fraud claim.  As discussed above, the Complaint fails to state a claim for fraud.  Defendant Deutsche Bank's Motion to Dismiss the civil conspiracy and aiding and abetting claims (Counts 7 and 8) is **GRANTED WITH LEAVE TO AMEND.**  Plaintiff is given leave to reassert these claims with greater detail in an amended complaint.

## CONCLUSION

(1) Defendant Deutsche Bank's Motion to Dismiss the Complaint (Doc. 16) is **GRANTED** with leave to amend in part, as follows:

**Count 1** (Truth in Lending Act)**:**

The claim for recoupment is **DISMISSED WITH PREJUDICE**.

The claim for rescission is **DISMISSED WITH PREJUDICE.**

**Count 2** (Truth in Lending Act):

The claim for damages based on Truth in Lending Act violations **IS DISMISSED WITH PREJUDICE.**

**Count 3** (RESPA):

The claims under RESPA **ARE DISMISSED WITH PREJUDICE.**

**Count 6** (fraud):

The fraud claim **IS DISMISSED WITH LEAVE TO AMEND.**

**Count 7** (civil conspiracy):

The civil conspiracy claim is **DISMISSED WITH LEAVE TO AMEND.**

**Count 8** (aiding and abetting):

The aiding and abetting claim is **DISMISSED WITH LEAVE TO AMEND.**

**Count 9** (fraudulent concealment/equitable tolling):

The fraudulent concealment claim **IS DISMISSED WITH PREJUDICE.**

(2) Plaintiffs shall have until March 14, 2011 to file an amended complaint. If Plaintiffs fail to do so, the action shall be dismissed with prejudice in its entirety as to Defendant Deutsche Bank. THE COURT EMPHASIZES THAT PLAINTIFFS ARE ONLY GIVEN LEAVE TO AMEND TO RESTATE THE FRAUD, CIVIL CONSPIRACY, AND AIDING AND ABETTING CLAIMS.

IT IS SO ORDERED.

DATED: February 16, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Anthony Paa and Teofico Paa v. Deutsche Bank National Trust, et al.;* Civil No. 10-00303 HG-KSC; **ORDER GRANTING DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS (DOC. 16).**